FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

97 OCT 31 AM 11: 37

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **LESLEE FRENCH, et al.,** | ] |
| Plaintiff(s), | ] |
| vs. | ]   CV 97-N-2062-S |
| **STATE OF ALABAMA, et al.,** | ] |
| Defendant(s). | ] |

ENTERED
OCT 31 1997

**Memorandum of Opinion**

## I.   Introduction.

The plaintiffs, Leslee French and Alan Scott Hughes, bring this action pursuant to the provisions of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), and Alabama state law. Defendants are the State of Alabama (the "State"), Jefferson County, and Robert A. Cothren ("Judge Cothren"), an Alabama Circuit Court Judge. Judge Cothren is sued in both his official and individual capacities. The matter is currently before the court on motion of the State and Judge Cothren to dismiss, filed August 25, 1997.[1] The motion has been briefed and was submitted for decision at the court's October 30, 1997, motion docket. The motion will be granted in part and denied in part.

---

[1] Apparently, the plaintiffs have not yet perfected service of process as to defendant Jefferson County and no answer or other response has been received from that defendant.

## II.    Allegations of the Complaint.

Ms. French avers in the complaint that she was employed by the State of Alabama as a law clerk for Judge Cothren[2] from April 23, 1996, until she was constructively discharged on December 6, 1996. During her employment, Ms. French claims she was subjected to sexually suggestive, unwelcomed and unwanted comments and gestures of a sexual nature, as well as unwanted and nonconsensual touchings by Judge Cothren. *Complaint* at 3-6. Ms. French, during part of her time working as a law clerk to Judge Cothren, also served as Judge Cothren's personal assistant by picking him up for work from his apartment and taking him home from the office each day. *Id.* at 4-5. Ms. French claims that at least one time while taking Judge Cothren home, Judge Cothren used the occasion to give Ms. French a hug, which lasted for "an excessively long time and [he] intentionally fondled her breast." *Id.* at 5. Ms. French also claims that Judge Cothren retaliated against her in several ways because she refused to accede to his sexual advances. Ms. French seeks relief against the State of Alabama and Judge Cothren in his official capacity for violations of Title VII (Counts I and II), and against the State of Alabama and Judge Cothren in his official capacity under section 1983 (Count III). Ms. French also seeks relief against Judge Cothren for assault and battery under Alabama law (Count IV).

Ms. French avers that she eventually refused to continue serving as Judge Cothren's personal assistant because of the alleged nonconsensual physical touchings and harassing conduct. As a result, on September 23, 1996, plaintiff Alan Hughes was hired as a part-time law clerk for Judge Cothren. *Complaint* at 5. Mr. Hughes alleges that he confronted Judge

---

[2] The plaintiffs allege in their complaint that Judge Cothren was "appointed," rather than elected, to the position of Circuit Judge of the Tenth Judicial Circuit in Jefferson County, Alabama. *Complaint* at 2.

2

Cothren about Judge Cothren's conduct toward Ms. French and that he explained to the Judge that he considered the conduct to be sexual harassment. *Id.* at 7. Mr. Hughes contends that his termination on November 19, 1996, by Judge Cothren was in retaliation for Mr. Hughes's objections to Judge Cothren's sexual harassment of Ms. French, and he contends that such retaliation violates Title VII and section 1983. *Id.* at 8.

Both plaintiffs seek compensatory damages, punitive damages, injunctive relief, costs and attorneys' fees under Title VII and section 1983; and Ms. French seeks compensatory and punitive damages against Judge Cothren for assault and battery under Alabama law.

### III.     Motion to Dismiss.

For purposes of ruling on a motion to dismiss, the court must take the allegations of the complaint as true and construe them in a manner most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim. *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976); *Hepperle v. Johnston*, 544 F.2d 201 (5th Cir. 1976).

### IV.     Discussion.

#### A.     Title VII Claims.

The defendants argue that the plaintiffs' Title VII claims under Counts One and Two of the complaint should be dismissed because the "[p]laintiffs have not been issued a right

3

to sue letter from the EEOC and will not be issued such a letter as the Plaintiffs are 'personal staff' of an elected official and are exempt from coverage under Title VII." *Motion to Dismiss* at 1. Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC charge against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right to sue the respondent named in the charge. 42 U.S.C. § 2000e- 5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S. Ct. 1011, 1019, 39 L. Ed. 2d 147 (1974); *Nilsen v. City of Moss Point, Mississippi*, 621 F.2d 117 (5th Cir. 1980). Title VII states in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(1) (emphasis added). The former Fifth Circuit[3] has held that "the requirement that a plaintiff receive a right-to-sue letter before filing suit is implied from the provision that a plaintiff may bring suit within 90 days after receiving statutory notice of the

---

[3] The Eleventh Circuit has adopted as precedent the post-September 30, 1981, decisions of a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

4

right to sue." *Pinkard v. Pullman-Standard, A Div. of Pullman, Inc.*, 678 F.2d 1211, 1217 (5th Cir. Unit B 1982).

The EEOC procedural requirements are not jurisdictional prerequisites to suit in federal court but, instead, are conditions precedent to suit, subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); *see also Fouche v. Jekyll Island--State Park Authority*, 713 F.2d 1518, 1525 (11th Cir. 1983) ("[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than jurisdictional requirements"). Where, as here, the defendants specifically deny that the necessary conditions precedent have been satisfied, *Motion to Dismiss* at 1, the plaintiff bears the burden of proving compliance with the requisite preconditions. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

The court finds that Ms. French and Mr. Hughes have failed to meet their burden. Review of the record establishes that neither plaintiff has satisfied the conditions precedent to filing Title VII claims in this court. It is undisputed that, at the time the plaintiffs filed suit on August 7, 1997, neither had received a right-to-sue letter from the EEOC. *Complaint* at 3. In fact, as late as September 9, 1997, plaintiffs informed the court that the EEOC "will soon be issuing a letter indicating that the plaintiff's [sic] request for a right to sue letter will be denied. . . ." *Plaintiffs' Memorandum of Law* at 1 & n.1. Against this background, the plaintiffs' Title VII claims will be dismissed without prejudice.[4]

---

[4] In addition to arguing that administrative prerequisites have not been satisfied, the defendants argue that the plaintiffs' Title VII claims are due to be dismissed because the plaintiffs are exempted from Title VII's definition of "employee." *See Defendants' Brief in Support of Motion to Dismiss* at 1-2 (non-paginated). Their argument is premised on the notion that Judge Cothren is an elected official and that, under section 701(f) of Title

5

Such dismissal will include all claims under Title VII, including those asserted against Jefferson County, Alabama, and for the same reasons.

### B.   Section 1983 Claims.

In Count Three the "plaintiffs" assert claims for sexual harassment and retaliation against Judge Cothren only.[5] To state a claim pursuant to 42 U.S.C. § 1983, the plaintiffs must demonstrate that a person has acted "under color of any statute, ordinance, regulation, custom, or usage of any State" to deprive them of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

#### 1.   Eleventh Amendment Immunity.

The State of Alabama and Judge Cothren in his official capacity are all entitled to Eleventh Amendment immunity from the plaintiffs' section 1983 claims. The Eleventh Amendment bars suits by private parties "seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Furthermore, actions for injunctive relief against a state are barred. *Alabama v. Pugh*, 438

---

VII, members of such an elected official's "personal staff" (*i.e.*, the plaintiffs in this case) are exempted from the protections of Title VII. *See id.*; *see also* 42 U.S.C. § 2000e(f). The plaintiffs argue that Judge Cothren is an appointed official and that, as a result, any members of the "personal staff" of Judge Cothren do not fall within Title VII's exemption clause. *See Plaintiffs' Memorandum of Law* at 2. However, the parties' briefing on this issue was so unsatisfactory, and a decision on the issue being unnecessary to the matter at hand, the court will simply decline to reach it.

[5] There are a number of problems with Count Three. First, though Mr. Hughes is, presumably, included in the designation of "plaintiffs," there is absolutely no allegation in the complaint that he was subjected to sexual harassment. Second, good pleading practice would dictate that a single count in a complaint state but a single claim. Here, the "plaintiffs" include at least four claims under Section 1983 in a single count. Third, the language of Count Three itself contains absolutely no allegation from which any claim may be discerned. The court has merely assumed from the title given the count, *i.e.*, "Sexual Harassment/Retaliation," that the "plaintiffs" attempted to state claims for sexual harassment and retaliation. Finally, the plaintiffs do not specify whether they seek in Count Three to state claims against Judge Cothren in his individual or his official capacity, or if they seek to state such claims against the State of Alabama. If they intended to sue Judge Cothren in this count in both capacities, as the court has assumed, and if they intended to sue the State of Alabama, then they have attempted to include *twelve claims*, not merely four, in a single count.

6

U.S. 781, 782 (1978). The Eleventh Amendment, however, does not protect state officials acting in their official capacities from suit for injunctive relief. *Lassiter v. Alabama A & M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 n.2 (11th Cir. 1994). Eleventh Amendment immunity applies not only in actions against the state itself but also in actions brought against a "state agency or instrumentality." *Id.* The rule, however, does not apply to instances in which the state waives such immunity or Congress specifically abrogates it. With regard to section 1983 claims, however, the State of Alabama has not waived and Congress has not abrogated Alabama's Eleventh Amendment immunity. *See Gorman v. Roberts*, 909 F. Supp. 1493, 1502-03 (M.D. Ala. 1995).

Though their complaint pleads otherwise, the plaintiffs concede in their brief that "monetary damages are barred against the state and against officers in their official capacity."[6] *Plaintiffs' Memorandum of Law* at 11.

Therefore, to the extent that the plaintiffs, under 42 U.S.C. § 1983, seek to state claims for monetary or injunctive relief against the State of Alabama or for monetary relief against Judge Cothren in his official capacity, the motion to dismiss will be granted.

### 2. **Plaintiffs' Section 1983 Claims for Sexual Harassment and Retaliation.**

The defendants contend that the plaintiffs' claims against Judge Cothren for sexual harassment and retaliation under section 1983 are due to be dismissed because Title VII is the exclusive remedy for allegations of sexual harassment and retaliation. *See*

---

[6] As noted earlier, Count Three is the only count brought under section 1983. In that count the "plaintiffs" sought relief only from Judge Cothren. The court has included this discussion regarding possible claims against the State of Alabama only because the plaintiffs, in their response to the motion to dismiss, seemed to acknowledge that they had made such a claim.

*Defendants' Brief in Support of Motion to Dismiss* at 3 (non-paginated). As noted *supra*, a section 1983 cause of action lies against a defendant who, acting under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). Several circuits have recognized the existence of a section 1983 cause of action for sexual harassment or retaliation, as violative of the equal protection clause of the Fourteenth Amendment. *See, e.g., Pontarelli v. Stone*, 930 F.2d 104 (1st Cir. 1991); *Starrett v. Wadley*, 876 F.2d 808 (10th Cir. 1989). The Eleventh Circuit, however, has not yet addressed this precise issue. Although the Eleventh Circuit has, in the past, assumed that a sexual harassment claim is cognizable under section 1983, it expressly has not decided the question because the issue has never been raised on appeal. *See Faragher v. City of Boca Raton*, 76 F.3d 1155, 1159 & n.2 (11th Cir. 1996), *vacated* 83 F.3d 1346 (11th Cir. 1996); *see also Cross v. State of Alabama*, 49 F.3d 1490, 1503 (11th Cir. 1995) (allowing a state employee to pursue a section 1983 claim for sexual harassment).

Against this background, the court must look outside the Eleventh Circuit for guidance. In *Johnston v. Harris County Flood Control District*, 869 F.2d 1565, 1573 (5th Cir. 1989), *cert. denied*, 493 U.S. 1019, 110 S. Ct. 718, 107 L. Ed. 2d 738 (1990), the Fifth Circuit carefully analyzed the relationship between Title VII and section 1983. The plaintiff in *Johnston*, a former county employee, was terminated after he testified in support of a coworker's discrimination allegations at an Equal Employment Opportunity hearing. The plaintiff sued the flood control district and its individual directors for retaliation, alleging

violations of Title VII and section 1983. Following a trial, the district court found the flood control district liable under both Title VII and section 1983. *Johnston*, 869 F.2d at 1568.

On appeal, the Fifth Circuit rejected as "incomplete," and therefore inaccurate, the defendant's argument that Title VII preempted a section 1983 claim arising from the same facts. The court explained the relationship between the two statutes as follows:

> Title VII is the exclusive remedy for a violation of its own terms, [but] when a public employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured employee may pursue a remedy under § 1983 as well as under Title VII.

*Johnston*, 869 F.2d at 1573.

In *Johnston*, the defendant's conduct violated Title VII and violated the constitutional right to be free to testify without retaliation: "Because the predicate for [plaintiff's] § 1983 claim was a right independent of the right Title VII creates, Johnston was entitled to pursue remedies under both statutes." *Id.* The court based this holding on a thorough analysis of the prior case law arising under Title VII holding that Title VII is the exclusive remedy for a violation of its own terms; and of the legislative history of Title VII, revealing that "the remedies. . . under Title VII are co-extensive with the individual's right to sue under the provisions of the Civil Rights Act of 1866 . . . [and] the two procedures augment each other and are not mutually exclusive." *Johnston*, 869 F.2d at 1576 (internal quotations omitted). The court then concluded:

> Although Title VII supplements and overlaps § 1983, it remains an exclusive remedy when a state or local employer violates only Title VII. When, however, unlawful employment practices encroach, not only on rights created by Title VII, but also on rights that are independent of Title VII, Title VII ceases to be

9

exclusive. At this point, § 1983 and Title VII overlap, providing supplemental remedies.

*Id.*

The *Johnston* result is consistent with that reached by other circuits considering the question.[7] These courts have found that a public sector employee may assert claims of racially discriminatory employment practices under both Title VII and section 1983, because the Constitution provides a right independent of Title VII to be free from race discrimination by a public employer. *See, e.g., Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1079 (3d Cir. 1990); *Roberts v. College of the Desert*, 870 F.2d 1411, 1415 (9th Cir. 1988); *Brown v. Hartshorne Pub. School Dist. No. 1*, 864 F.2d 680, 683 (10th Cir. 1988); *Keller v. Prince George's County*, 827 F.2d 952, 962 (4th Cir. 1987); *Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 302 (7th Cir. 1985); *Grano v. Department of Dev.*, 637 F.2d 1073, 1082 (6th Cir.1980).

In the present action, the plaintiffs allege sexual harassment and retaliation by their public employer. Sex discrimination and sexual harassment in public employment violate

---

[7] In an effort to buttress its argument that the plaintiffs cannot state a claim under section 1983, the defendants cite the Fifth Circuit decision of *Jackson v. City of Atlanta, Tx.*, 73 F.3d 60 (5th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 70, 136 L. Ed. 2d 30 (1996), in which the plaintiff sued his employer, a city, the city manager, and several council members individually, asserting employment discrimination based on race. *Jackson*, 73 F.3d at 61. The plaintiff in *Jackson* alleged violations of Title VII *and* section 1983 based on the *same* allegedly discriminatory acts. *Id.* In dismissing the section 1983 claim, the court recognized that a plaintiff may pursue both section 1983 and Title VII claims when the employer's conduct violates both Title VII and a separate constitutional or statutory right. *Id.* at 63. However, because the plaintiff in *Jackson* used the same facts to pursue claims under both Title VII and section 1983, the court found that he was precluded from suing under both statutes. *Id.*

However, in *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997), the Fifth Circuit stated that *Jackson* was inconsistent with the *Johnston* case, held that the *Johnston* analysis controlled, and that a plaintiff can state valid claims under Title VII and section 1983 *even though both theories are supported by the same set of facts. Southard*, 114 F.3d at 549-50. The defendants' reliance on *Jackson*, therefore, is unpersuasive.

It should be noted, however, that at the October 30, 1997, motion docket, the defendants candidly and affirmatively retracted their earlier reliance on the *Jackson* case, and conceded that the Eleventh Circuit has at least implied that Title VII is not the exclusive remedy for sexual harassment and retaliation.

the Equal Protection Clause of the Fourteenth Amendment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49 (1986); *Davis v. Passman*, 442 U.S. 228, 234-35, 99 S. Ct. 2264, 2271, 60 L. Ed. 2d 846 (1979); *Pontarelli*, 930 F.2d at 114 (1st Cir. 1991) (holding that sexual harassment is a deprivation of equal protection and is actionable under section 1983). And, as noted *supra*, the circuits addressing the issue have allowed plaintiffs suing their public employers for sexual harassment and sex discrimination to assert claims under both Title VII and section 1983. *See, e.g., Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994) (holding that a supervisor who exercised state authority over an employee may be liable for sexual harassment under section 1983); *Beardsley v. Webb*, 30 F.3d 524, 527 (4th Cir. 1994) (holding that a public sector employee may sue under both Title VII and section 1983 for sexual harassment); *Gierlinger v. New York State Police*, 15 F.3d 32, 34 (2d Cir. 1994) (holding that sexual harassment and sex discrimination claims can be brought under both section 1983 and Title VII); *Bartunek v. Bubak*, 941 F.2d 726, 727 (8th Cir. 1991) (holding that the plaintiffs could sue their public sector employer for sexual harassment under section 1983); *Bouman v. Block*, 940 F.2d 1211 (9th Cir. 1991), *cert. denied*, 502 U.S. 1005, 112 S. Ct. 640, 116 L. Ed. 2d 658 (1991) (holding that section 1983 and Title VII sex discrimination claims can be brought in a single action); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (holding that sexual harassment violates a constitutional right); *Volk v. Coler*, 845 F.2d 1422, 1431 (7th Cir. 1988) (holding that a hostile work environment violates a constitutional right); *but see Marrero-Rivera v. Dept. of Justice*, 800 F. Supp. 1024 (D.P.R. 1992) (holding that Title VII is the exclusive remedy for sexual harassment and preempts plaintiffs from filing under section 1983).

Thus, based on the great weight of authority from other circuits, the court concludes that the plaintiffs' claims of sexual harassment and retaliation under section 1983 are not preempted by Title VII and that, at this stage in the litigation, such claims are properly before the court. The defendants' motion to dismiss will be denied as to these claims.

**V.   Conclusion.**

Accordingly, the defendants' motion to dismiss will be granted in part and denied in part. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this \_\_\_\_2kt\_\_\_\_ of October, 1997

_____
Edwin L. Nelson
United States District Judge